NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ANTHONY CRAIG, | : | **CIV. NO. 17-10031 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| NEW JERSEY DEP'T OF CORR., *et al.*, | : | |
| Defendants. | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Anthony Craig, a former prisoner at Bayside State Prison, in Leesburg, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983.[1] (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP" ECF No. 1-2), which the Court denies without prejudice at this time.[2]

When a non-prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B) requires courts to

---

[1] Plaintiff was confined in Southern State Correctional Facility when he filed this complaint, and he was released from prison several days later. (Letter, ECF No. 2.)

[2] Because Plaintiff is no longer incarcerated, the Court cannot direct the prison to submit an initial partial filing fee or the subsequent monthly payments from Plaintiff's prison trust account, as required by 28 U.S.C. § 1915(b)(1) and (2). Instead, the Court will direct the Clerk to send Plaintiff a non-prisoner IFP application, which Plaintiff must complete and promptly submit to the Court.

review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. See e.g. Fake v. City of Philadelphia, 704 F. App'x 214, 215-16 (3d Cir. 2017) (per curiam). For the reasons discussed below, Plaintiff's complaint fails to state a claim upon which relief may be granted, and unless amended, would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

3 This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis* status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) "[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a

3

complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

   A. The Complaint

Plaintiff alleged the following facts in his complaint, which are accepted as true for purposes of this screening. Before his incarceration, Plaintiff suffered an injury of a partially paralyzed right arm. (Id.) Due to this physical disability, Plaintiff was at risk from other inmates in the general population who prey on the weak. (Id.) On July 11, 2017, while Plaintiff was a prisoner in Bayside State Prison, another inmate punched him and broke his jaw. (Compl., ECF No. 1, ¶6.)

On several occasions after the assault, Plaintiff had to be transported in a van for medical treatment outside the prison. (Id.) Plaintiff was shackled, cuffed and placed in a metal cage in the van. (Id.) His seat belt was not used, and being transported in this manner while he had a broken jaw caused him pain and suffering. (Id.)

Plaintiff listed the New Jersey Department of Corrections and Bayside State Prison as defendants in the caption of the complaint. However, in the "Parties" section of the complaint, Plaintiff names only John Powell and Gary Lanigan as defendants. Because the New Jersey Department of Corrections and Bayside State Prison are not proper parties to a § 1983 suit, the Court assumes Plaintiff intended Powell and Lanigan as the sole defendants. See Mendez v. Pennsylvania Dept. of Corrections, 233 F. App'x 159, 161 (3d Cir. 2007) ("a state agency is not a proper party in a § 1983 action"); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (state prison and Pennsylvania Department of Corrections are not persons subject to suit under § 1983).

Plaintiff seeks to hold Gary Lanigan, the Commissioner of the New Jersey Department of Corrections, liable under 42 U.S.C. § 1983 for failing to protect his safety in the prison's general population; and for forcing Plaintiff to ride in a van in a metal cage without a seat belt, while he had a broken jaw. (Id., ¶4b.) Plaintiff also named John Powell, Administrator of Bayside State Prison, as a defendant. (Id., ¶4c.) Plaintiff seeks to hold Powell liable for "failing to provide a reasonable level of security which produced the unsafe conditions that ultimately got my jaw broken;

5

failing to provide me with the protection necessary for a prisoner partially paralyzed." (Id.)

Plaintiff alleges the defendants are liable because his injuries could have been prevented "if there were regulations in place to protect disabled prisoners housed in general population, disadvantaged against those with no physical limitation." (Id., ¶7.) He seeks damages for pain and suffering. (Id.)

    B.    Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v.

Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### 1. Failure to Protect

The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To state a claim under the Eighth Amendment against a prison official for failure to protect an inmate from violence, an inmate must plead facts showing that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834; Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

To establish the subjective standard of deliberate indifference, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Bistrian, 696 F.3d at 367 (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). Actual knowledge can be shown by circumstantial evidence where (1) "'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly

noted by prison officials in the past,' and (2) where 'circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.'" Counterman v. Warren County Correctional Facility, 176 F. App'x 234, 238 (3d Cir. 2006) (quoting Beers-Capitol, 256 F.3d at 131 (quoting Farmer, 511 U.S. at 837)).

When an Eighth Amendment claim is based on supervisory liability a plaintiff:

> must first identify a "specific supervisory practice or procedure" that the defendant supervisor failed to employ, and then prove the following: "(1) the existing custom and practice without that specific practice or procedure created an unreasonable risk ..." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989); "(2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol, 256 F.3d at 134 (citing Sample, 885 F.2d at 1118).

Counterman, 176 F. App'x at 240-41.

Liberally construing the complaint, Plaintiff alleges Administrator Powell and Commissioner Lanigan failed to employ a policy or procedure that would protect disabled prisoners in the general population from attack by able-bodied prisoners. However, Plaintiff has not alleged any facts indicating that Administrator Powell or Commissioner Lanigan were aware of an excessive risk to

8

the safety of physically disabled prisoners from attack by able-bodied prisoners in the general population. For instance, Plaintiff has not alleged any facts suggesting either a well-documented history of disabled prisoners being assaulted by able-bodied prisoners in general population or that Administrator Powell or Commissioner Lanigan had been exposed to information concerning such a risk of assault. The fact alone that Plaintiff would be at a physical disadvantage against an able-bodied prisoner if he was attacked in general population is insufficient.

Second, Plaintiff has failed to allege a "specific" policy or procedure that would have protected him against an unreasonable risk of assault by an able-bodied inmate.

Third, Plaintiff has not alleged facts supporting a conclusion that the existing custom of placing disabled prisoners in general population creates an unreasonable risk that disabled prisoners will be assaulted by able-bodied prisoners. Plaintiff has not alleged facts that able-bodied inmate attacks against disabled inmates was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past. Further, Plaintiff has not alleged facts that suggest Administrator Powell and Commissioner Lanigan were aware of information that the existing custom of placing physically disabled prisoners in general

9

population exposed them to an excessive risk of assault by able-bodied prisoners. The failure to protect claims fail to state a claim upon which relief may be granted.

    C. <u>Conditions of Confinement</u>

Plaintiff also seeks to hold Commissioner Lanigan liable for transporting him for outside medical care while shackled and cuffed in a metal cage in a van, without a seat belt, while he had a broken jaw. Plaintiff has not alleged any personal involvement of Lanigan in the alleged Eighth Amendment violation. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676 ("[b]ecause vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") The Court assumes Plaintiff seeks to hold Lanigan liable in his supervisory role over the New Jersey Department of Corrections.

A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official "deprived the prisoner of the minimal civilized measure of life's necessities" and "acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health." <u>Palakovic v. Wetzel</u>, 854 F.3d 209, 217 (3d Cir. 2017) (citing <u>Parkell v. Danberg</u>, 833 F.3d 313, 335 (3d

Cir. 2016) (quoting Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015)). A plaintiff may state an Eighth Amendment claim against a supervisor based on policies or practices where the plaintiff alleges:

> a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

Beers-Capitol, 256 F.3d at 134 (citing Sample, 885 F.2d at 1118.)

Plaintiff has not alleged any facts suggesting that Commissioner Lanigan created a policy for transporting injured prisoners to medical appointments while shackled and cuffed in a metal cage in a van, without a seatbelt. Further, Plaintiff has not alleged that Lanigan knew or was aware of but disregarded an excessive risk to plaintiff's health by permitting such a practice. Therefore, Plaintiff's Eighth Amendment conditions of confinement claim fails to state a claim upon which relief may be granted.

III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's IFP application without prejudice. The Court will administratively

11

terminate this action subject to reopening by Plaintiff if he timely submits a completed non-prisoner IFP application.

An appropriate order follows.

DATE: March 5, 2018

                            s/Renée Marie Bumb
                            **RENÉE MARIE BUMB**
                            **United States District Judge**