**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANTHONY CRAIG, : **CIV. NO. 17-10031 (RMB)**
:
       Plaintiff, :
:
 v. : **OPINION**
:
NEW JERSEY DEP'T OF CORR., :
*et al.*, :
:
       Defendants. :

**BUMB**, DISTRICT JUDGE

    Plaintiff Anthony Craig, a former prisoner at Bayside State Prison, in Leesburg, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court dismissed Plaintiff's IFP application because he was no longer a prisoner, and closed this case pending Plaintiff's submission of a non-prisoner IFP application. (Opinion, Order, ECF Nos. 3, 4.) The Court further explained to Plaintiff that his complaint failed to state a claim upon which relief may be granted, and if Plaintiff sought to reopen this matter, he should file an amended complaint to avoid dismissal of this action. (Opinion, ECF No. 3.)

    On March 28, 2018, Plaintiff submitted a properly completed IFP application, establishing his financial eligibility to proceed *in forma pauperis*. (IFP App., ECF No. 5.) The IFP application will be granted. Plaintiff also submitted a document entitled

"Statement of Claim" (ECF No. 5-1), which this Court construes as a supplement to Plaintiff's complaint, intended to cure the deficiencies in his claims that this Court described in the Opinion dated March 5, 2018.

When a non-prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. § 1915(e)(2)(B) requires courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. See e.g. Fake v. City of Philadelphia, 704 F. App'x 214, 215-16 (3d Cir. 2017) (per curiam). The Court will re-screen the original complaint (Compl., ECF No. 1), construing Plaintiff's Statement of Claim as a supplement to his complaint. (Supp. Compl., ECF No. 5-1.) See Federal Rule of Civil Procedure 15(d) ("[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense.")

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id.

(internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) "[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint, as supplemented

Plaintiff alleged the following facts in his complaint, which are accepted as true for purposes of this screening. Before his incarceration, Plaintiff suffered an injury of a partially paralyzed right arm. (Compl., ECF No. 1, ¶6.) Due to this physical disability, Plaintiff was at risk from other inmates in the general population who prey on the weak. (Id.) On July 11, 2017, while Plaintiff was a prisoner in Bayside State Prison, another inmate punched him and broke his jaw. (Id.)

On several occasions after the assault, Plaintiff had to be transported in a van for medical treatment outside the prison. (Id.) Plaintiff was shackled, cuffed and placed in a metal cage in the van. (Id.) His seat belt was not used, and being transported in this manner while he had a broken jaw caused him pain and suffering. (Id.)

Plaintiff listed the New Jersey Department of Corrections and Bayside State Prison as defendants in the caption of the complaint. However, in the "Parties" section of the complaint, Plaintiff names

only John Powell and Gary Lanigan as defendants. (Compl., ¶4.) Because the New Jersey Department of Corrections and Bayside State Prison are not proper parties to a § 1983 suit, the Court assumes Plaintiff intended Powell and Lanigan as the sole defendants. See Mendez v. Pennsylvania Dept. of Corrections, 233 F. App'x 159, 161 (3d Cir. 2007) ("a state agency is not a proper party in a § 1983 action"); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (state prison and Pennsylvania Department of Corrections are not persons subject to suit under § 1983).

Plaintiff seeks to hold Gary Lanigan, the Commissioner of the New Jersey Department of Corrections, liable under 42 U.S.C. § 1983 for failing to protect his safety in the prison's general population; and for forcing Plaintiff to ride in a van in a metal cage without a seat belt, while he had a broken jaw. (Id., ¶4b.) Plaintiff also named John Powell, Administrator of Bayside State Prison, as a defendant. (Id., ¶4c.) Plaintiff seeks to hold Powell liable for "failing to provide a reasonable level of security which produced the unsafe conditions that ultimately got my jaw broken; failing to provide me with the protection necessary for a prisoner partially paralyzed." (Id.)

Plaintiff alleges the defendants are liable because his injuries could have been prevented "if there were regulations in place to protect disabled prisoners housed in general population,

disadvantaged against those with no physical limitation." (Compl., ECF No. 1, ¶7.) He seeks damages for pain and suffering. (Id.)

In his supplemental Statement of Claim, Plaintiff alleges the following. (Supp. Compl., ECF No. 5-1.)

> On 7-11-17 I was punched in the jaw, assaulted in BSP by another inmate. I am disabled with neurological damage from an accident I had on the streets before my incarceration that left my right arm partially paralyzed with my pre-existing injuries. I should have never been placed in general population, where my physical vulnerability could be exploited, subjected to other inmates who prey on the weak, unable to protect themselves. Due to my disability it is the prison's administrations and BSP to ensure me a reasonable level of protection, enhancing the safety measures to compensate for my disability. Both parties failed to do so, and my jaw was broken as a result. Thereafter several occasions I was subject to pain and suffering.

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### 1. Failure to Protect

The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To state a claim under the Eighth Amendment against a prison official for failure to protect an inmate from violence, an inmate must plead facts showing that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834; Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

To establish the subjective standard of deliberate indifference, "the prison official-defendant must actually have

known or been aware of the excessive risk to inmate safety." Bistrian, 696 F.3d at 367 (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). Actual knowledge can be shown by circumstantial evidence where (1) "'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and (2) where 'circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.'" Counterman v. Warren County Correctional Facility, 176 F. App'x 234, 238 (3d Cir. 2006) (quoting Beers-Capitol, 256 F.3d at 131 (quoting Farmer, 511 U.S. at 837)).

When an Eighth Amendment claim is based on supervisory liability a plaintiff:

> must first identify a "specific supervisory practice or procedure" that the defendant supervisor failed to employ, and then prove the following: "(1) the existing custom and practice without that specific practice or procedure created an unreasonable risk ..." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989); "(2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol, 256 F.3d at 134 (citing Sample, 885 F.2d at 1118).

Counterman, 176 F. App'x at 240-41.

Liberally construing the complaint, as supplemented, Plaintiff alleges Administrator Powell and Commissioner Lanigan

8

failed to employ a policy or procedure that would protect disabled prisoners in the general population from attack by able-bodied prisoners. However, Plaintiff has not alleged any facts indicating that Administrator Powell or Commissioner Lanigan were aware of an excessive risk to the safety of physically disabled prisoners from attack by able-bodied prisoners in the general population. For instance, Plaintiff has not alleged any facts suggesting either a well-documented history of disabled prisoners being assaulted by able-bodied prisoners in general population or that Administrator Powell or Commissioner Lanigan had been exposed to information concerning such a risk of assault. The fact alone that Plaintiff would be at a physical disadvantage against an able-bodied prisoner if he was attacked in general population is insufficient.

Second, Plaintiff has failed to allege a "specific" policy or procedure that would have protected him against an unreasonable risk of assault by an able-bodied inmate. See Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (concluding a judgment could not be properly entered based on supervisory liability "absent an identification by [the plaintiff] of a specific supervisory practice or procedure that [the defendant] failed to employ . . .")

Third, Plaintiff has not alleged facts supporting a conclusion that the existing custom of placing disabled prisoners

9

in general population creates an unreasonable risk that disabled prisoners will be assaulted by able-bodied prisoners. Plaintiff has not alleged facts that able-bodied inmate attacks against disabled inmates was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past. See e.g. Bracey v. Pennsylvania Dep't of Corr., 571 F. App'x 75, 78 (3d Cir. 2014) (nine incidents of inmate attacks on each other in prison's exercise yards during two years leading up to attack on the Plaintiff was not a pervasive or well-documented substantial risk of inmate attacks in context of the numerous exercise yards visits over a two-year period.) Further, Plaintiff has not alleged facts that suggest Administrator Powell and Commissioner Lanigan were aware of information that the existing custom of placing physically disabled prisoners in general population exposed them to an excessive risk of assault by able-bodied prisoners. The failure to protect claims fail to state a claim upon which relief may be granted.

C. Conditions of Confinement

In the original complaint, Plaintiff seeks to hold Commissioner Lanigan liable for transporting him for outside medical care while shackled and cuffed in a metal cage in a van, without a seat belt, while he had a broken jaw. Plaintiff did not allege any additional facts supporting this claim in his Statement

of Claims supplementing the original complaint. (Supp. Compl., ECF No. 5-1.) Therefore, as in the original complaint, Plaintiff has not alleged any personal involvement of Lanigan in the alleged Eighth Amendment violation. See Iqbal, 556 U.S. at 676 ("[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") In support of supervisory liability, Plaintiff has not alleged any facts suggesting that Commissioner Lanigan created a policy for transporting injured prisoners to medical appointments while shackled and cuffed in a metal cage in a van, without a seatbelt. Further, Plaintiff has not alleged that Lanigan knew or was aware of but disregarded an excessive risk to plaintiff's health by permitting such a practice. Therefore, Plaintiff's Eighth Amendment conditions of confinement claim fails to state a claim upon which relief may be granted.

III. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint, as supplemented, without prejudice for failure to state a claim. If Plaintiff can allege additional facts to cure the deficiencies in his claims, he will be permitted to reopen this case to file an Amended Complaint that replaces the Complaint, as supplemented.

An appropriate order follows.

DATE: September 28, 2018

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**